1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LAGASSE, individually and on behalf of all others similarly situated, | NO. 2:24-cv-00795-TL |
| Plaintiff, | FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES |
| v. | |
| ALTA PEST CONTROL LLC, a Washington limited liability company, | **JURY TRIAL REQUESTED** |
| Defendant. | |

Plaintiff Joseph Legasse, individually and on behalf of all others similarly situated ("Plaintiff") brings this Class and Collective Action against Defendant Alta Pest Control ("Defendant"), and hereby states and alleges as follows:

### I. INTRODUCTION

Plaintiff and Class and Collective members are current and former non-exempt employees who have been employed by Defendant and who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class and collective action under state and federal law to recover unpaid wages owed to Plaintiff and all other similarly situated employees.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR
DAMAGES
Page 1 of 21

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    Defendant has also engaged in a common practice of not paying Plaintiff and Class and
2    Collective members for all regular and overtime hours worked.

3    Defendant has engaged in a systematic policy and practice of denying rest breaks and
4    meal breaks—and thereby wages—to its non-exempt employees.

5    Defendant has failed to compensate its employees for missed rest breaks and time
6    worked during purported meal breaks.

7    Defendant has violated Washington's Equal Pay & Opportunities Act ("EPOA") when it
8    required its employees to sign a Non-Disclosure Form that requires employees to keep wage
9    information confidential and punishes the employee for disclosing their wages.

10    Defendant's violations of state and federal law have been willful.

11                              **II.  JURISDICTION AND VENUE**

12    2.1    <u>Jurisdiction</u>. Defendant is within the jurisdiction of this Court. Defendant
13    conducts business in Washington. Defendant hires employees who reside and work in
14    Washington, including Plaintiff. Defendant has therefore obtained the benefits of the laws of
15    Washington as well as Washington's commercial and labor markets.

16    2.2    <u>Venue</u>. Venue is proper in King County because Defendant transacts business in
17    King County and some of the specific acts alleged herein occurred in King County.

18                              **III.  PARTIES**

19    3.1    <u>Plaintiff Joseph Lagasse</u>. Plaintiff Joseph Lagasse is an individual over 18 years of
20    age who worked for Defendant in Washington as a non-exempt employee from approximately
21    April 2023 to November 2023. Plaintiff worked as a Pest Control Technician.

22    3.2    <u>Defendant Alta Pest Control, LLC</u>. Defendant Alta Pest Control is a Washington
23    limited liability company that maintains operations and conducts business throughout the
24    United States, including in King County, Washington. Defendant employed Plaintiff and
25    proposed Class and Collective members during the relevant periods as set forth below.

26

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1

## IV.  CLASS ACTION ALLEGATIONS

2      4.1    Plaintiff, on behalf of himself, and all Class Action Members, re-alleges and

3  incorporates by reference all allegations set forth herein.

4      4.2    Pursuant to FRCP 23(a) and 23(b), Plaintiff brings this action on behalf of a

5  proposed Class defined as follows:

6          All current and former non-exempt employees who worked for
           Defendant in Washington at any time from May 7, 2021 through
7          the date discovery closes.

8  Excluded from the Class are any entity in which Defendant has a controlling interest or that has

9  a controlling interest in Defendant, and Defendant's legal representatives, assignees, and

10  successors. Also excluded are the judge to whom this case is assigned and any member of the

11  judge's immediate family.

12      4.3    Plaintiff also brings this action on behalf of a proposed Sub-Class ("EPOA

13  Subclass") defined as follows:

14          All current and former non-exempt employees who were required
           to sign Defendant's Non-Disclosure form October 4, 2021 through
15          the date discovery closes.

16  Excluded from the Class are any entity in which Defendant has a controlling interest or that has

17  a controlling interest in Defendant, and Defendant's legal representatives, assignees, and

18  successors. Also excluded are the judge to whom this case is assigned and any member of the

19  judge's immediate family.

20      4.4    Plaintiff reserves the right to establish various subclass definitions as appropriate

21  at the class certification stage, according to proof.

22      4.5    <u>Numerosity</u>. The Class is estimated to exceed 50 individuals, although the precise

23  membership of the entire Class is unknown at this time. The Class is so numerous that joinder

24  of all Class members is impracticable. The identities of Class members can be obtained from

25  Defendant's employment and payroll records.

26

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1        4.6      <u>Commonality</u>. Common questions of law and fact as to the Class and subclass

2    members predominate over questions affecting only individual members. The common

3    questions of law and fact exist as to whether the employment policies and practices formulated

4    by Defendant and applied to Class members constitute violations of Washington law. Among

5    the questions of law and fact common to Plaintiff and the Class are:

6           a.   Whether Defendant has engaged in a common course of failing to provide

7                Class members with a ten-minute rest break for every four hours of work;

8           b.   Whether Defendant has engaged in a common course of requiring Class

9                members to work more than three consecutive hours without a rest break;

10          c.   Whether Defendant has engaged in a common course of failing to ensure

11               Class members have taken the rest breaks to which they are entitled;

12          d.   Whether Defendant has engaged in a common course of failing to pay Class

13               members an additional 10 minutes of compensation for each missed rest

14               break;

15          e.   Whether Defendant has engaged in a common course of failing to provide

16               Class members with a 30-minutes meal break for every five hours of work;

17          f.   Whether Defendant has engaged in a common course of failing to ensure

18               that Class members have taken the meal breaks to which they are entitled;

19          g.   Whether Defendant has engaged in a common course of failing to pay Class

20               members an additional 30 minutes of compensation for each missed meal

21               break;

22          h.   Whether Defendant has engaged in a common course of failing to pay Class

23               members for all hours worked;

24          i.   Whether Defendant has engaged in a common course of failing to pay Class

25               member all overtime compensation to which they are entitled;

26          j.   Whether Defendant violated RCW 49.12 et seq. as to Plaintiff and the Class;

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1               k.   Whether Defendant violated RCW 49.46.090 as to Plaintiff and the Class;

2               l.   Whether Defendant violated RCW 49.46.130 as to Plaintiff and the Class;

3               m.  Whether Defendant violated RCW 49.48.010 as to Plaintiff and the Class;

4               n.   Whether Defendant violated RCW 49.52.050 as to Plaintiff and the Class;

5               o.   Whether Defendant violated RCW 49.58.050 as to Plaintiff and the EPOA Subclass

p.   Whether Defendant's Non-Disclosure Form required that Plaintiff and EPOA subclass members to not disclose their wages as a condition of employment;

q.   Whether Defendant violated WAC 296-126-092 as to Plaintiff and the Class;

r.   Whether Defendant violated WAC 296-126-040 as to Plaintiff and the Class;

s.   Whether Defendant violated WAC 296-126-023(3) as to Plaintiff and the Class.

t.   Whether Defendant violated WAC 296-128-010 as to Plaintiff and the Class;

u.   Whether Defendant violated WAC 296-128-020 as to Plaintiff and the Class; and

v.   The nature and extent of Class-wide injury and the measure of compensation for such injury.

4.7     <u>Typicality</u>. Plaintiff's claims are typical of the claims of the other Class members. Plaintiff and Class members were subject to the same policies and practices of Defendant, which resulted in losses to Plaintiff and the Class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the Class to recover on the causes of action alleged herein.

4.8     <u>Adequacy</u>. Plaintiff is an adequate Class representative and will take all necessary steps to protect Class members' interests adequately and fairly. Plaintiff has no interests antagonistic to other Class members. And Plaintiff is represented by attorneys who have

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1  substantial experience prosecuting, defending, resolving, and litigating wage and hour class,

2  collective, and representative actions in Washington state and federal courts.

3      4.9    <u>Predominance</u>. Defendant has engaged in a common course of wage and hour

4  abuse toward Plaintiff and members of the Class.  Defendant engaged in a common course of

5  conduct toward the EPOA Class members. The common issues arising from this conduct that

6  affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication

7  of these common issues in a single action has important and desirable advantages of judicial

8  economy.

9      4.10   <u>Superiority</u>. A class action is superior to other means for adjudicating this

10  dispute. Individual joinder is impractical. Class treatment will allow for common issues to be

11  resolved in a single forum, simultaneously, and without duplication of effort and expense.

12                    **V.  COLLECTIVE ACTION ALLEGATIONS**

13      5.1    Plaintiff, on behalf of himself, and all Collective Action Members, re-alleges and

14  incorporates by reference all allegations set forth herein.

15      5.2    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff brings this

16  action on behalf of a proposed Collective defined as follows:

17          All current and former non-exempt employees who worked for
18          Defendant as pest control technicians or any other job title used to
            describe persons performing similar job requirements at any time
19          from May 7, 2021 through the date discovery closes.

20      5.3    Plaintiff expressly consents in writing to be a party to this action pursuant to 29

21  U.S.C. § 216(b).

22      5.4    Plaintiff is familiar with the pay practices, company policies, and procedures

23  going back to when he first started working at Alta and each year within the relevant Collective

24  period.

25      5.5    During the Collective Action Period, Defendant had a policy and practice of

26  refusing to pay any compensation, including straight time and overtime compensation to

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1 Plaintiff and Collective members for hours worked driving their company vehicles to and from
2 home and to and from different job sites.

3        5.6        During the Collective Action Period, Defendant had a policy and practice of
4 requiring Plaintiff and Collective members to clock-out for an unpaid 30-minute meal period
5 even when Plaintiff and Collective members did not receive a meal period. Indeed, Defendant
6 has a "3 Strikes and You're Out" policy that provides employees will be terminated if they do
7 not clock out for lunch.

8        5.7        During the Collective Action Period, Defendant had a policy and practice of failing
9 to properly calculate the overtime rate owed to Plaintiff and Collective members when they
10 worked in excess of forty hours in a workweek and earned a commission during that same
11 period.

12                    **VI.  SUMMARY OF FACTUAL ALLEGATIONS**

13        6.1        <u>Common Course of Conduct: Failure to Pay for All Hours of Work</u>. Defendant has
14 engaged in a common course of failing to pay minimum wages to Plaintiff and Class and
15 Collective members for all hours worked.

16        6.2        Plaintiff's job duties required him to travel to multiple job sites in out-of-town
17 locations each day. Plaintiff was on-duty when he was driving to and from job sites.

18        6.3        Plaintiff is aware that Class and Collective members in Washington and other
19 states were also required to travel to multiple job sites each day.

20        6.4        Defendant engaged in a common course of permitting Plaintiff and Class and
21 Collective members to use company vehicles for company-related business only and prohibiting
22 them from making any personal stops.

23        6.5        Defendant engaged in a common course of requiring Plaintiff and Class and
24 Collective members to maintain contact by phone with Defendant while driving between job
25 sites.

26

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    6.6    Defendant engaged in a common course of requiring Plaintiff and Class and

2    Collective members be available to Defendant while driving in case of any unexpected changes

3    to their schedule to service Defendant's clients. Defendant often rerouted Plaintiff and Class

4    and Collective members to different job sites while they were already in route.

5    6.7    Plaintiff's prescribed workplace while driving to and from job sites was the

6    company vehicle.

7    6.8    Defendant's business required technicians, like Plaintiff, to being necessary

8    nonpersonal tools and equipment to the job sites such as, but not limited to sprayers, brushes,

9    expansion poles, a ladder, a fogger, and a granular sprayer.

10    6.9    Defendant engaged in a common course of requiring Plaintiff and Class and

11    Collective members to complete business-required record keeping while in the company

12    vehicle. Plaintiff and Class and Collective members did complete business-required record-

13    keeping while in their company vehicle by using the PestRoute Sales mobile application.

14    6.10    Defendant engaged in a common course of requiring Plaintiff and Class and

15    Collective members to keep their company vehicles clean, safe, organized, and serviced.

16    6.11    Defendant engaged in a common course of requiring Plaintiff and Class and

17    Collective members to record their hours using Paylocity.

18    6.12    Defendant engaged in a common course of automatically deducting thirty-

19    minutes each day from the work performed by Plaintiff purportedly for a meal period, even

20    though Plaintiff regularly remained on-duty during this time.

21    6.13    Defendant engaged in a common course of requiring Plaintiff and Class and

22    Collective members clock-in upon arriving at the job site and clock-out when leaving the job

23    site.  As such, these hours are inaccurate as they do not account for drive time.

24    6.14    Plaintiff and Class and Collective members were on-duty and working when

25    driving their company vehicles to and from their residence and job sites throughout the day.

26    6.15    Defendant has actual or constructive knowledge of the foregoing facts.

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

6.16    <u>Common Course of Conduct: Failure to Pay Overtime Wages.</u> Defendant has engaged in a common course of failing to pay the proper overtime rate to Plaintiff and Class and Collective members when they work more than 40 hours in a workweek during weeks when they also earned sales commissions.

6.17    Plaintiff regularly worked more than 40 hours in a workweek.

6.18    Plaintiff is aware of other Class and Collective members who regularly worked more than 40 hours in a workweek.

6.19    When Plaintiff worked more than forty hours in a week, Defendant paid Plaintiff one and one-half his hourly wage for each hour worked in excess of forty hours that week.

6.20    Plaintiff and Class and Collective members also earned sales commissions.

6.21    Defendant engaged in a common course of failing to include these commissions in calculating the overtime rate paid to Plaintiff and Class and Collective members when they worked more than 40 hours in a workweek.

6.22    Defendant had a common policy and practice of calculating the overtime rate owed to Plaintiff and Class and Collective members when they worked more than 40 hours in a week by using only their hourly rates. However, Plaintiff and Class and Collective members' regular rate of pay was higher than their hourly rate in weeks where they also earned commissions.

6.23    For example, during the workweek beginning May 30, 2023 and ending June 5, 2023, Plaintiff worked 45.02 hours. Defendant paid Plaintiff at his regular hourly rate of $24 for the first 40 hours of work. Defendant paid Plaintiff $36 per hour for the 5.02 hours of overtime work. But Plaintiff also earned a $75 commission during this same pay period such that his overtime rate should have been $38.82.

6.24    Defendant has actual or constructive knowledge of the foregoing facts.

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1   6.25   <u>Common Course of Conduct: Failure to Provide Meal Breaks.</u> Defendant has
2   engaged in a common course of failing to provide Plaintiff and class members with a thirty-
3   minute meal break for every five hours of work.

4   6.26   Defendant has engaged in a common course of requiring or permitting Plaintiff
5   and Class and Collective members to work more than five consecutive hours without a meal
6   break.

7   6.27   Defendant has engaged in a common course of automatically deducting thirty-
8   minute meal breaks from Plaintiff and Class and Collective members, regardless of their ability
9   to take an off-duty meal break.

10  6.28   As a result, Plaintiff often ate while driving from one job site to another.

11  6.29   Defendant has engaged in a common course of failing to ensure Plaintiff and
12  Class and Collective members have taken meal breaks to which they are entitled.

13  6.30   Defendant has engaged in a common course of failing to provide Plaintiff and
14  Class and Collective members with thirty minutes of additional pay for each missed meal break.

15  6.31   As a result of Defendant's common course of failing to provide proper meal
16  breaks to Plaintiff and Class and Collective members, Defendant has also failed to maintain
17  accurate records of hours worked by Plaintiff and Class and Collective members.

18  6.32   Defendant has actual or constructive knowledge of the foregoing facts.

19  6.33   <u>Common Course of Conduct: Failure to Provide Rest Breaks.</u> Defendant has
20  engaged in a common course of failing to provide Plaintiff and Class and Collective members
21  with a paid ten-minute rest break for every four hours of work.

22  6.34   Defendant has engaged in a common course of requiring or permitting Plaintiff
23  and Class and Collective members to work more than three consecutive hours without a rest
24  break.

25
26

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

6.35    Plaintiff and Class and Collective members on average worked shifts ranging from 8-10 hours and Defendant did not provide or ensure that they received the rest breaks to which they were entitled.

6.36    Defendant has engaged in a common course of failing to provide Plaintiff and Class and Collective members with ten minutes of additional pay for each missed rest break.

6.37    As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and Class and Collective members, Defendant has also failed to maintain accurate records of hours worked by Plaintiff and Class and Collective members.

6.38    Defendant has actual or constructive knowledge of the foregoing facts.

6.39    <u>Common Course of Conduct: Failure to Maintain and Provide Accurate Wage Statements.</u> Defendant has engaged in a common course of failing to keep true and accurate time records for all hours worked by Plaintiff and Class and Collective members.

6.40    Defendant has engaged in a common course of failing to provide proper payroll documents to Plaintiff and Class and Collective members.

6.41    Defendant has actual or constructive knowledge of the foregoing facts.

6.42    Common Course of Conduct: Requirement of Signing Non-Disclosure Form. Defendant has engaged in a common course of requiring Plaintiff and EPOA members to sign Defendant's Non-Disclosure Form as a condition of employment

6.43    Defendant's Non-Disclosure Form is a standard agreement that Plaintiff and EPOA class members were required to sign.

6.44    Defendant's Non-Disclosure Form defines confidential information, in part, as "all wages and personal financial structuring of the" employee.

6.45    Defendant's Non-Disclosure Form states "if there is a breach or threatened breach…, Alta Pest Control shall revoke any promotions, bonuses etc., promised future wages, or can terminate recipient."

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 11 of 21

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    6.46    Defendant's Non-Disclosure Form is unlawful as it a "waiver or other document"

2    that prevents the employee from disclosing the amount of employee's wages."

3    6.47    RCW 49.58.070 provides for statutory damages of at least $5,000 for violations

4    of the EPOA.

**VII.  FIRST CLAIM FOR RELIEF**
**(Violations of the Fair Labor Standards Act)**
*On Behalf of Plaintiff and the FLSA Collective*

5

6

7    7.1    Plaintiff realleges and incorporates by reference each and every allegation set

8    forth in the preceding paragraphs.

9    7.2    Defendant knowingly, willfully, and intentionally failed to compensate Plaintiff

10    and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. §

11    207(a).

12    7.3    Defendant failed to pay Plaintiff and FLSA Collective members for all hours

13    worked and therefore failed to properly pay Plaintiff and FLSA Collective members at one-and-

14    a-half times the regular rate of pay for hour in excess of 40 per week during the FLSA period.

15    7.4    Defendant paid Plaintiff and FLSA Collective members non-excludable, non-

16    discretionary forms of additional remuneration.

17    7.5    Defendant failed to pay Plaintiff and FLSA Collective members at one-and-a-half

18    times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours

19    in excess of 40 per week during the FLSA period.

20    7.6    Plaintiff and FLSA Collective members have been deprived of overtime wages for

21    time they worked more than 40 hours per week, due to the regular rate underpayments.

22    7.7    Defendant's violations of the FLSA have been willful and intentional.

23    7.8    Defendant failed to make a good faith effort to comply with the FLSA with

24    respect to the compensation of Plaintiff and other similarly situated and former employees,

25    despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the despite the unambiguous

26    eight allowable exclusions set forth in 29 U.S.C. §§ 207(e)(1)-(8).

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR
DAMAGES
Page 12 of 21

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

7.9    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

As a result of Defendant's practices, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus liquidated damages, interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### VIII.  SECOND CLAIM FOR RELIEF
#### (Minimum Wage Act Violations: RCW 49.46 *et seq.*)
#### *On Behalf of Plaintiff and the Class*

8.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under Washington's Minimum Wage Act ("MWA), RCW 49.46 et seq.

8.3    RCW 49.46.090 provides that "[a]ny employer who pays any employee less than wages to which such employee is entitled under or by virtue of [the Minimum Wage Act], shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

8.4    Defendant has failed to pay wages to Plaintiff and Class members for missed rest and meal breaks, and work performed off the clock.

8.5    Defendant has failed to timely pay all wages owed to Plaintiff and Class members at regular pay intervals pursuant to RCW 49.46 et seq. and WAC 296-126-023.

8.6    By the actions alleged above, Defendants have violated the provisions of RCW 49.46.020, RCW 49.46.090, RCW 49.46.120, RCW 49.46.130, and WAC 296-126-023.

8.7    As a result of these unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.46.090.

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

### IX.  THIRD CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages: RCW 49.46.130)
### *On Behalf of Plaintiff and the Class*

9.1    Plaintiffs realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2    RCW 49.46.130 provides that no employer shall employ any employee for a workweek longer than forty hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he or she is employed.

9.3    Defendant failed to pay the required overtime rate to Plaintiff and Class members during the class period.

9.4    Defendant failed to pay Plaintiff and Class members for all time worked.

9.5    By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and RCW 49.46.130 by failing to pay all wages earned to Plaintiff and Cass members for some of the time they worked, including but not limited to work they performed in excess of forty hours per week.

9.6    By the actions alleged above, Defendant violated the provisions of RCW 49.46 et seq.

9.7    As a result of Defendant's unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46 are entitled to recover such amounts, including interest thereon, and attorneys' fees and costs.

### X.  FOURTH CLAIM FOR RELIEF
### (Meal Period Violations: RCW 49.12.020 and WAC 296-126-092)
### *On Behalf of Plaintiff and the Class*

10.1    Plaintiffs realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    10.2    RCW 49.12.010 demands all employees be "protected from conditions of labor

2  which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions

3  of labor" to include meal and rest periods for employees in the state of Washington.

4    10.3    WAC 296-126-092 establishes employees shall be allowed unpaid meal periods

5  during their shifts.

6    10.4    Failure to do so results in an employer's duty to pay employees thirty minutes of

7  additional pay for each missed (or otherwise non-compliant) meal break.

8    10.5    Defendant violated the provisions of RCW 49.12.020 and WAC 296-126-092 and

9  further violated the WMWA by automatically deducting meal periods and not paying Plaintiff

10  and Class members for non-compliant meal periods.

11    10.6    As a result of the unlawful acts of Defendant, Plaintiff and Class members have

12  been deprived of compensation in amounts to be determined at trial, and Plaintiff and Class

13  members are entitled to the recovery of such damages, including interest thereon, and

14  attorneys' fees and costs under RCW 49.48.030.

15    **XI.  FIFTH CLAIM FOR RELIEF**
   **(Rest Break Violations: RCW 49.12.020 and WAC 296-126-092)**
16    ***On Behalf of Plaintiff and the Class***

17    11.1    Plaintiffs realleges and incorporates by reference each and every allegation set

18  forth in the preceding paragraphs.

19    11.2    RCW 49.12.010 demands all employees be "protected from conditions of labor

20  which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions

21  of labor" to include meal and rest periods for employees in the state of Washington.

22    11.3    WAC 296-126-092 establishes employees shall be allowed paid rest breaks

23  during their shifts.

24    11.4    Under Washington law, Defendant must provide employees with the rest

25  periods to which they are entitled.

26

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    11.5    Failure to do so results in an employer's duty to pay employees ten minutes of

2    additional pay for each missed rest break.

3    11.6    Defendant violated the provisions of RCW 49.12.020 and WAC 296-126-092 and

4    further violated the WMWA by not paying Plaintiff and Class members for missed rest breaks.

5    11.7    As a result of the unlawful acts of Defendant, Plaintiff and Class members have

6    been deprived of compensation in amounts to be determined at trial, and Plaintiff and Class

7    members are entitled to the recovery of such damages, including interest thereon, and

8    attorneys' fees and costs under RCW 49.48.030.

9    **XII.  SIXTH CLAIM FOR RELIEF**
**(Unpaid Wages on Termination: RCW 49.48 *et seq.*)**
**On Behalf of Plaintiff and the Class**

10

11    12.1    Plaintiffs realleges and incorporates by reference each and every allegation set

12    forth in the preceding paragraphs.

13    12.2    RCW 49.48.010 provides that "when any employee shall cease to work for an

14    employer, whether by discharge or by voluntary withdrawal, the wages due him on account of

15    his employment shall be paid to him at the end of the established pay period." The statute

16    further states that it shall be unlawful for "any employer to withhold or divert any portion of an

17    employee's wages."

18    12.3    Defendant failed to pay Plaintiff and the Class all wages due, and at the end of

19    the established pay period, at the end of their employment. This includes, but is not limited to,

20    failing to pay Plaintiff and Class members for all wages earned in the final pay period, failing to

21    pay Plaintiff and Class members for all wages earned in prior pay periods, and failure to pay

22    Plaintiff and Class members their final paycheck at the end of the established pay period.

23    12.4    By the actions alleged above, Defendant violated the provisions of RCW

24    49.48.010. As a result of Defendants' unlawful acts, Plaintiff and the Class have been deprived

25    of compensation in amounts to be determined at trial. Pursuant to RCW 49.48.030 are entitled

26    to recover of such amounts, including interest thereon, attorneys' fees, and costs.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR
DAMAGES
Page 16 of 21

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1

2

### XIII.  SEVENTH CLAIM FOR RELIEF
### (Violation of RCW 49.52.050 — Willful Refusal to Pay Wages)
### *On Behalf of Plaintiff and the Class*

3

4

13.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

5

6

13.2    RCW 49.52.050 provides that any employer or officer, vice principal or agent of

7

any employer who, "[w]ilfully and with intent to deprive the employee of any party of her

8

wages, shall pay any employee a lower wage than the wage such employer is obligated to pay

such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

9

10

13.3    RCW 49.52.070 provides that any employer who violates the provisions of RCW

49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys'

11

fees, and costs.

12

13

13.4    The alleged unlawful actions by the Defendant against Plaintiff and the Class, as

set forth above, were committed willfully and with intent to deprive Plaintiff and the Class of

14

part of their wages.

15

16

13.5    As such, based on the above allegations, Defendant violated the provisions of

RCW 49.52.050.

17

18

13.6    As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class have

been deprived of compensation in amounts to be determined at trial and pursuant to RCW

19

49.52.070, Plaintiff and the Class are entitled to recovery of twice such damages, including

20

interest thereon, as well as attorneys' fees and costs.

21

22

### XIV.        EIGTH CLAIM FOR RELIEF
### (Violation of RCW 49.58.040 — Washington Equal Pay and Opportunity Act)
### *On Behalf of Plaintiff and the EPOA Sub-Class*

23

24

14.1    Plaintiff realleges and incorporates by reference each and every allegation set

25

forth in the preceding paragraphs.

26

14.2    The EPOA, RCW 49.58.040 (a) prohibits employers from requiring "nondisclosure

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1     by an employee of his or her wages as a condition of employment." The EPOA, RCW

2     49.58.040 (b) prohibits employers from requiring "an employee

3     to sign a waiver of other document that prevents the employee from disclosing the

4     amount of the employee's wages."

5         14.3    Defendant required Plaintiff and EPOA subclass to sign Defendant's Non-

6     Disclosure Form.  The Non-Disclosure Form identified confidential information, in part, as

7     information related to wages.

8         14.4    Defendant's Non-Disclosure From provides that any breach of the disclosure

9     would result in revocation of "any promotions, bonuses etc., promised future wages, or

10    [Defendant] can terminate" the employee.

11        14.5    As such, based on the above allegations, Defendant violated the provisions of the

12    EPOA.

13        14.6    As a result of the unlawful acts of Defendant, Plaintiff and the EPOA Class may each

14    recover statutory damages under RCW 49.58.070 of $5,000, including interest at one percent

15    per month thereon, as well as attorneys' fees and costs.

16                    **XV.  PRAYER FOR RELIEF**

17

18         WHEREFORE, Plaintiff, on his own and on behalf of the members of the Class, prays for

19    judgment against Defendants, as follows:

20         A.    Conditionally certify the proposed Collective and direct that notice be sent to

21    proposed Collective members;

22         B.    Certify the proposed Class;

23         C.    Appoint Plaintiff as representative of the Class;

24         D.    Appoint the undersigned attorneys as counsel for the Class and Collective;

25         E.    Award statutory, compensatory, liquidated, and exemplary damages to Plaintiff

26    and Class and Collective members for violation of state and federal wage and hour laws, in

amounts to be proven at trial;

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

F.    Award Plaintiff and Class and Collective members their attorneys' fees and costs, as allowed by law;

G.    Award Plaintiff and Class and Collective members prejudgment and post-judgment interest, as provided by law;

H.    Permit Plaintiff and Class and Collective members leave to amend the complaint to conform to the evidence presented at trial; and

I.    Grant such other and further relief as the Court deems necessary, just, and proper.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 19 of 21

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    RESPECTFULLY SUBMITTED AND DATED this  21st day of October, 2024.

2

3                                    **REKHI & WOLK, P.S.**

4                                    By: *s/ Erika Lane*, WSBA No. 40854

5                                    Hardeep S. Rekhi, WSBA No. 34579
                                     Gregory A Wolk, WSBA No. 28946
                                     Erika Lane, WSBA No. 40854
6                                    529 Warren Ave N., Suite 201
                                     Seattle, WA 98109
7                                    Telephone: (206) 388-5887
                                     Facsimile: (206) 577-3924
8                                    E-Mail: hardeep@rekhiwolk.com
9                                           greg@rekhiwolk.com
                                            elane@rekhiwolk.com
10

11                                   **FERRARO VEGA EMPLOYMENT LAWYERS, INC.**

12
                                     By: _____
13

14                                   Nicholas J. Ferraro (State Bar No. 59674)
                                     Email: nick@ferrarovega.com
15                                   3333 Camino del Rio South, Suite 300
                                     San Diego, California 92108
16                                   Telephone: (619) 693-7727
                                     Facsimile: (619) 350-6855
17

18                                   *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR
DAMAGES
Page 20 of 21

1

## <u>CERTIFICATE OF SERVICE</u>

2        The undersigned declares under penalty of perjury under the laws of the United States

3    of America and the State of Washington that on this day, I electronically filed a true and

4    accurate copy of the document to which this declaration is affixed with the Clerk of Court using

5    the CM/ECF system, which will send notification of such filing to the following:

6
           Alexandra M. Shulman, WSBA No. 48888
7           Leah C. Lively, WSBA No. 45889
            BUCHALTER
8           1420 Fifth Ave., Ste. 3100
            Seattle, WA 98101
9           Phone: 206-319-7036
10          Email: ashulman@buchalter.com
            Email: llively@buchalter.com
11
12          *Attorneys for Defendant Alta Pest Control*

13
           The foregoing statement is made under the penalty of perjury under the laws of the
14
     United States of America and the State of Washington and is true and correct.
15
           DATED October 23, 2024.
16

17                                    By: *s/ Jeff Mead*
                                      Jeff Mead, Paralegal
18                                    REKHI & WOLK, P.S.
                                      529 Warren Avenue N., Suite 201
19                                    Seattle, WA 98109
                                      Telephone: (206) 388-5887
20

21

22

23

24

25

26

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR
DAMAGES
Page 21 of 21

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924